UNITED STATES DISTRICT COURT
FOR THE WESTSERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, ) | |
| ) | |
| ) | |
| *Petitioner* ) | *Filed Electronically* |
| ) | |
| v. ) | |
| ) | |
| WILDFLOWERS FARM ) | **CASE NO.** __5:23CV-54-BJB__ |
| BED AND BREAKFAST ) | |
| ) | |
| *Respondent* ) | |
| ) | |
| ) | |

## PETITION FOR APPOINTMENT OF UMPIRE FOR APPRAISAL
## AND DECLARATORY JUDGMENT

Petitioner, Philadelphia Indemnity Insurance Company ("PIIC"), by counsel, and for its Petition to appoint an umpire for appraisal, states as follows:

1. Petitioner PIIC is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located in the Commonwealth of Pennsylvania.

2. Respondent Wildflowers Farm Bed and Breakfast ("Wildflowers") is an inactive Kentucky Corporation dissolved on March 13, 2007, with a principal place of business at 348 New Hope Road, Calvert City, Kentucky 42029.

3. PIIC issued a Commercial Lines Insurance Policy to Wildflowers, Policy No. PHPK2382788 ("Policy"), effective from March 4, 2022 to March 4, 2023. A copy is attached hereto and identified as **Exhibit A.**

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because:

   a. Complete diversity exists between PIIC and Wildflowers

b.   The amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs, as detailed below.

5.   On or about February 10, 2023, Wildflowers reported a claim to PIIC alleging a portion of the hardwood floors inside the Wildflowers building had suffered water damage due to a leaking refrigerator.

6.   An inspection of Wildflowers' loss was performed by General Adjuster Brad Robinson on February 16, 2023. Mr. Robinson estimated the Replacement Cost value of the claim was $12,878.58 with the Actual Cash Value of the claim being $12,248.41, less the depreciation of $530.17. Photographs taken during the inspection by Mr. Robinson are attached hereto and identified as **Exhibit B**.

7.   PIIC paid $7,348.41, reflecting the Actual Cash Value of the loss valued at $12,348.41 less the policy deductible of $5,000, to Wildflowers on February 22, 2023. This check is attached hereto and identified as **Exhibit C**.

8.   On February 28, 2023, Wildflowers advised PIIC that it disagreed with PIIC's evaluation of the loss and invoked the appraisal provision of the Policy. Wildflowers identified Bruce Fredrics as its appointed appraiser in its invocation of the appraisal provision of the Policy.

9.   The Policy's appraisal provision (Exhibit A, PIIC 060) states in pertinent part as follows:

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

**2. Appraisal**
If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having

jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim. [1]

10. On February 28, 2023, in correspondence attached hereto and identified as **Exhibit D**, Mr. Fredrics claimed, "I have done an evaluation, and I have multiple Contractor licenses, Certifications, and I own a Contracting Consulting firm, and as an Elite Industry Expert, and I have determined that the Carrier fell far short of what is actually needed." PIIC's assessed value of the claim was described as "woefully inadequate." Mr. Fredrics also stated, "the building is a Constructive Total Loss."[2] The Commercial General Liability Coverage Supplemental Schedule (Exhibit A, PIIC 025) states that the coverage on the building is $345,600 and, on the business, personal property, $34,458. As Mr. Fredrics has characterized damage to the insured property as a "Constructive Total Loss," the amount in controversy in this case exceeds $75,000.

11. Mr. Fredrics' correspondence cites the following certifications[3]:

**Bruce Fredrics**, *The nation's top Expert,* BSM.h, GA-BC, RGA (EGA), CrtGA, CGA, GMGA, MPA, ICEP, AIC, PPIA, ACA, CACP, CCA, PCLA, LPCS, HCI-R/C, FSRT, WIND-P, CMS, CMI, AMRT, WRT, CPAU, UCC, CPCUcand, CALAc, CCPc, ACPc, CPLA, CPLU, (CFLC)
INSURANCE CLAIMS EXPERT:   The industry's foremost Expert; Exclusive Elite Specialist. P&C GrandMaster General Adjuster (Masterclass) – Multi-line, Accredited and Certified, SME (Federal and State Court qualified Expert), IICRC, CMR, CC/CL, IAUA, AAA, CLM, PLAN, AICP, FEWA
— *Two-time Board-Certified —*
*Accredited Adjuster; and Certified*: Arbitration, Appraiser, Umpire II, Asbestos, Bus. Income, Fire, Water, Mold, Wind, Flood, Roofing, Earthquake
•  Provost of Appraisal International Graduate Collegia (AIGC Global): Professional Appraisalist Scholar
•  Chairman of World Association of Professional Indemnifying Appraisalists (WAPIA): Prof. Designatinons; Board Certifications (Global)

•  College Board:  World-Headquarters – Atlanta, GA
All 50 states:  Appraisals / Consultant / Expert / Estimator

 

---

[1] Exhibit A, E.2., 59 of 153, 10 of 16 in CP OO 10 10 12.
[2] Exhibit D, p. 1.
[3] *Id.* at, p. 4.

12. PIIC appointed Mike Thompson of Wallace & Todd, PLLC, as its appraiser pursuant to the appraisal provision of the Policy and advised Wildflowers and Mr. Fredrics of this appointment on April 3, 2023. A copy of Mr. Thompson's CV is attached as **Exhibit E.**

13. Mr. Thompson and Mr. Fredrics engaged in communications attempting to select an umpire from April 4, 2023, through April 17, 2023. This correspondence is attached hereto and identified as **Exhibit F**.

14. Mr. Fredrics identified three proposed umpires: 1) David Hawkins from Opelika, Alabama; 2) Rick McKenzie of McDonough, Georgia; and 3) Dexter Brown, of Atlanta, Georgia.[4] Mr. Fredrics has an extensive prior business history with each individual.

15. Mr. Hawkins "provided Engineering analyses on several claims" to which Mr. Fredrics was involved. He has operated as an umpire in at least four past cases where Mr. Fredrics was retained as an appraiser, and once where Mr. Fredrics was a consultant.[5]

16. Mr. McKenzie and Mr. Fredrics have worked on at least four prior claims together. Mr. McKenzie has also "referred a few of his customers" to Mr. Fredrics over the last "several years."[6]

17. Mr. Brown "has been appointed as Appraiser for consumers with insurance claims under the Appraisal provision" for "some" of Mr. Fredrics' past clients. Mr. Fredrics has been retained by Mr. Brown to perform contractor and consulting work and Mr. Brown has been retained by Mr. Fredrics as a consultant as well. Mr. Brown has been an umpire on a "variety" of appraisals with which Mr. Fredrics was involved. Mr. Brown is an umpire on

---

[4] Exhibit E, p. 8-9.
[5] *Id.* at, p. 8.
[6] *Id*. at, p. 9.

three ongoing appraisals involving Mr. Fredrics and Mr. Fredrics recently concluded

consulting for Mr. Brown in a claim where Mr. Brown was retained as an appraiser.[7]

18. On April 14, 2023 at 2:58 p.m., Mr. Thompson proposed four alternative umpires

pursuant to the Policy: 1) Tom Barrett Jr. of Louisville, Kentucky; 2) Brian Elmore from

Jeffersonville, Indiana; 3) Mat Broughton of Fishers, Indiana; and, 4) Tom Barrett Sr. of

Louisville, Kentucky. [8]

19. One hour and eighteen minutes later on the same day, at 4:14 p.m., Mr. Fredrics asserted

all four of the umpire candidates proposed by Mr. Thompson on behalf of PIIC, did not

"fully qualify under the rules."[9] His email did not specify the "rules" to which he

referred.

20. On April 17, 2023, Mr. Thompson informed Mr. Fredrics that he had vetted and

dismissed each of Mr. Fredrics' proposed umpires for the appraisal of Wildflowers' loss.

Mr. Thompson notified Mr. Fredrics he believed this matter would need to be submitted

to this Court to assist in appointing an Umpire as Mr. Fredrics had quickly dismissed

each of Mr. Thompson's four candidates.[10]

21. Approximately one hour later on April 17, 2023, Mr. Fredrics responded to Mr.

Thompson and asserted Mr. Thompson could not refuse to accept one of his three

proposed umpire candidates.[11] Mr. Fredrics incorrectly claimed Mr. Thompson is "seated

to resolve the dispute by working for the best possible Indemnity outcome for the

Policyholder, not the Carrier." Further, he claimed Mr. Thompson's actions were "not

---

[7] *Id.*
[8] *Id.* at, p. 6-7.
[9] *Id*. at, p. 5.
[10] *Id.*
[11] *Id.* at, p. 1.

Good Faith at the very least," and "Tortious Interference with the contractual entitlement of the Policyholder's rights and entitlements."[12] Mr. Fredrics incorrectly claimed Mr. Thompson was "sent by the Carrier to provide as much Indemnity to the Policyholder as possible" and further incorrectly asserted Mr. Thompson did not "meet the competency requirements under the rules."[13]

22. Mr. Fredrics claimed Mr. Thompson was an "Appointee" to be submitted to Wildflowers for review and approval to serve as PIIC's appraiser. As Wildflowers would not approve of Mr. Thompson, he was unable to reject Mr. Fredric's proposed umpire candidates, according to Mr. Fredrics.[14] Mr. Fredrics demanded Mr. Thompson be removed as PIIC's appraiser or Mr. Fredrics would resign as Wildflowers' appointed appraiser.[15] Mr. Fredrics concluded his April 17, 2023, correspondence to Mr. Thompson asserting Mr. Thompson's understanding of the Policy is inaccurate and stated "you should have recused yourself for failure to fulfill and comply with the rules."[16]

23. In response to Mr. Fredrics' correspondence with Mr. Thompson, undersigned counsel advised him to not provide legal instruction to PIIC's appointed appraiser and suggested Mr. Thompson and Mr. Fredrics each propose three new potential umpire candidates. This correspondence is attached hereto and identified as **Exhibit G**.

24. In reply, Mr. Fredrics stated Mr. Thompson is "essentially fired" and cannot serve as PIIC's appointed appraiser as "the Carrier's Appraiser exists for (Wildflowers') benefit only."[17]

---

[12] *Id.*
[13] *Id.* at, p. 2.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] Exhibit G, p. 1-2.

25. At the apparent instruction of Mr. Fredrics, Wildflowers then informed PIIC that "Your appointed appraiser does not qualify under the rules" and requested another appraiser be appointed who "does qualify." This correspondence is attached hereto and identified as **Exhibit H**.

26. Mr. Fredrics then informed PIIC he was withdrawing as Wildflowers' appointed appraiser and the appraisal process was suspended until PIIC identified a new appraiser to be approved by Wildflowers. At that time, Mr. Fredrics will "immediately become re-invoked" as Wildflowers' appraiser and the appraisal will resume. This correspondence is attached hereto and identified as **Exhibit I**.

27. Mr. Thompson and PIIC ceased all communication with Mr. Fredrics at this time. PIIC sent a letter to Wildflowers on April 18, 2023; this correspondence is attached hereto and identified as **Exhibit J**. Therein, PIIC informed Wildflowers that the Policy only requires appointed appraiser to be competent and impartial. Further, neither Wildflowers nor PIIC has a right to veto the other party's selection of an appraiser under the Policy. Lastly, PIIC declined to remove Mr. Thompson as its appointed appraiser.

28. Mr. Fredrics last known correspondence in this matter is dated April 20, 2023; it is attached hereto and identified as **Exhibit K**. In this correspondence to Mr. Thompson, Mr. Fredrics states that Wildflowers will "re-instate" him as PIIC's appraiser if he agrees to "select a good Umpire." Mr. Fredrics directs Mr. Thompson to, "validate that my Umpire candidates do not qualify for the position of Umpire" before alternative umpire candidates will be considered. Mr. Fredrics also states he is the appointed appraiser for Wildflowers in this correspondence, contradicting his prior communication to PIIC.

## APPOINTMENT OF UMPIRE FOR APPRAISAL

1. PIIC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Petition.

2. As detailed above, PIIC's appointed appraiser Mr. Thompson, and Wildflowers' prior appointed appraiser, Mr. Fredrics, have been unable to agree upon an umpire to resolve this matter pursuant to the appraisal provision of the Policy.

3. PIIC asks that the Court require Wildflowers to acknowledge that Mr. Fredrics remains its appointed appraiser, or to appoint another appraiser promptly.

4. PIIC hereby petitions this Court pursuant to 9 U.S.C. § 5 and the Policy to appoint an umpire to resolve this appraisal dispute.

5. Due to the detailed and undisputed conflicts of interest between Mr. Fredrics and his proposed umpires, Mr. Hawkins, Mr. McKenzie, and Mr. Brown, PIIC requests this Court appoint one of the four proposed umpires previously proposed by PIIC.

## DECLARATORY JUDGMENT

1. PIIC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Petition.

2. The Policy states if the parties disagree on the amount of loss, either party may make written demand for an appraisal of the loss.

3.  Further, the Policy states each will party select a competent and impartial appraiser. There are no other requirements for the appraiser pursuant to the clear and unambiguous language of the Policy.

4.  PIIC requests this Court enter a Declaratory Judgment declaring that neither party has the right to review, approve, or veto the other party's appointed appraiser.

WHEREFORE, the Petitioner, Philadelphia Indemnity Insurance Company, prays the Court as follows:

1.  For entry of an order from this Court appointing an umpire pursuant to the appraisal provision of the Policy;

2.  For entry of a Declaratory Judgment from this Court, declaring that neither party has the right to review, approve, or veto the other party's appointed appraiser under the Policy; and,

3.  For any and all other just and proper relief to which this Court may deem it is entitled.

Respectfully submitted,

FREEMAN MATHIS & GARY, PLC


/s/ Barry Miller
BARRY MILLER
LUCAS HARRISON
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504
(859) 410-7851
Barry.miller@fmglaw.com
lucas.harrison@fmglaw.com
*Counsel for Petitioner,*
*Philadelphia Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this pleading was electronically filed with

the United States District Court, For the Western District of Kentucky, Paducah Division and

served electronically or via U.S. mail, postage pre-paid, on the 24th day of April, 2023, upon the

following:

Carolyn R. Bramwell
Wildflowers Farm Bed & Breakfast
348 New Hope Road
Calvert City, KY 42029
*Respondent*

/s/ Barry Miller
BARRY MILLER